# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**     **2. PLEASE TYPE OR PRINT**     **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| McCoy v. The TJX Companies | SDNY | Hon. Valerie Caproni |

| | Date the Order or Judgment Appealed from was Entered on the Docket: | District Court Docket No.: |
|---|---|---|
| | July 19, 2023 | 21-4907 |

| | Date the Notice of Appeal was Filed: | Is this a Cross Appeal? |
|---|---|---|
| | August 14, 2023 | ☐ Yes   ☑ No |

**Attorney(s) for Appellant(s):**
☑ Plaintiff
☐ Defendant

| Counsel's Name: | Address: | Telephone No.: | Fax No.: | E-mail: |
|---|---|---|---|---|
| Michael G. O'Neill 217 Broadway, Suite 306 New York, NY 10007 | | 212-581-0990, 718-514-7452, lawyer@oneilllaw.com | | |

**Attorney(s) for Appellee(s):**
☐ Plaintiff
☑ Defendant

| Counsel's Name: | Address: | Telephone No.: | Fax No.: | E-mail: |
|---|---|---|---|---|
| Simmons Janace & DeLuca 43 Corporate Drive Hauppauge, New York 11788 | | (631)873-4888, | (631)873-4889 | mlamendola@sjdfirm.com |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☐ Yes  ☑ No |
|---|---|---|---|
| n/a | | | If Yes, provide the following: Case Name: 2d Cir. Docket No.:     Reporter Citation: (i.e., F.3d or Fed. App.) |

***ADDENDUM "A":*** **COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B":*** **COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

### PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party    ☐ Diversity | ☐ Final Decision    ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) |
| ☐ Federal question (U.S. not a party)    ☐ Other (specify): _____ | ☐ Interlocutory Decision Appealable As of Right    ☐ Other (specify): _____ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October 2016)

**PART B: DISTRICT COURT DISPOSITION (Check as many as apply)**

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | | 3. Relief |
|---|---|---|---|
| ☑ Pre-trial<br>☐ During trial<br>☐ After trial | ☐ Default judgment<br>☐ Dismissal/FRCP 12(b)(1)<br>   lack of subject matter juris.<br>☐ Dismissal/FRCP 12(b)(6)<br>   failure to state a claim<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)<br>   frivolous complaint<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)<br>   other dismissal | ☐ Dismissal/other jurisdiction<br>☐ Dismissal/merit<br>☐ Judgment / Decision of the Court<br>☑ Summary judgment<br>☐ Declaratory judgment<br>☐ Jury verdict<br>☐ Judgment NOV<br>☐ Directed verdict<br>☐ Other (specify): | ☑ Damages:        ☐ Injunctions:<br><br>☐ Sought: $ \_\_\_\_\_  ☐ Preliminary<br>☐ Granted: $ \_\_\_\_\_  ☐ Permanent<br>☐ Denied: $ \_\_\_\_\_   ☐ Denied |

**PART C: NATURE OF SUIT (Check as many as apply)**

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| ☐ Antitrust<br>☐ Bankruptcy<br>☐ Banks/Banking<br>☐ Civil Rights<br>☐ Commerce<br>☐ Energy<br>☐ Commodities<br>☐ Other (specify): \_\_\_\_ | ☐ Communications<br>☐ Consumer Protection<br>☐ Copyright ☐ Patent<br>☐ Trademark<br>☐ Election<br>☐ Soc. Security<br>☐ Environmental | ☐ Freedom of Information Act<br>☐ Immigration<br>☐ Labor<br>☐ OSHA<br>☐ Securities<br>☐ Tax | ☐ Admiralty/<br>  Maritime<br>☐ Assault /<br>  Defamation<br>☐ FELA<br>☐ Products Liability<br>☑ Other (Specify):<br><br>Premises | ☐ Admiralty/<br>  Maritime<br>☐ Arbitration<br>☐ Commercial<br>☐ Employment<br>☐ Insurance<br>☐ Negotiable<br>  Instruments<br>☐ Other Specify | ☐ Civil Rights<br>☐ Habeas Corpus<br>☐ Mandamus<br>☐ Parole<br>☐ Vacate Sentence<br>☐ Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| ☐ Hague Int'l Child Custody Conv.<br>☐ Forfeiture/Penalty<br>☐ Real Property<br>☐ Treaty (specify): \_\_\_\_\_<br>☐ Other (specify): _____ | ☐ Arbitration<br>☐ Attorney Disqualification<br>☐ Class Action<br>☐ Counsel Fees<br>☐ Shareholder Derivative<br>☐ Transfer | ☐ Yes  ☑ No<br><br>Will appeal raise a matter of first impression?<br><br>☐ Yes  ☑ No |

1. Is any matter relative to this appeal still pending below? ☐ Yes, specify: _____ ☑ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

    (A)   Arises from substantially the same case or controversy as this appeal? ☐ Yes  ☑ No

    (B)   Involves an issue that is substantially similar or related to an issue in this appeal? ☐ Yes  ☑ No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

| Name of Appellant: |
|---|
| |

| Date: August 29, 2023 | Signature of Counsel of Record: s/ Michael G. O'Neill |
|---|---|

# NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

        **PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* **LOCAL RULE 12.1.**

**FORM C** (Rev. December 2016)

McCoy v. The TJX Companies, Docket No. 23-1159

Addendum A

**Nature of the Action**:  This is a personal injury action arising out of a fall by plaintiff due to improperly stacked merchandise.  At the time of plaintiff's fall, there was a security guard employed by defendant within a few feet of her, and there was a security camera trained on the site of plaintiff's fall.

During discovery, defendant claimed it had no video of the incident or the area of the incident, and that it could not identify the security guard on duty.  Defendant also failed to disclose the presence of a security camera aimed at the area of the incident.  After three 30(b)(6) depositions, defendant disclosed only that the security guard would have been one of two individuals.  Defendant's witnesses could not identify the location of video cameras in the store nor could they testify as to what efforts if any had been made to preserve video evidence.  Plaintiff's own investigation revealed the presence of a camera located directly at the area of the fall.

**Result Below**:  The lower court granted defendant's motion for summary judgment.

The lower court's docket sheet and opinion and order granting defendant's motion for summary judgment are attached.


Addendum B

The issue raised by this appeal is whether the lower court properly granted defendant's motion for summary judgment.
Plaintiff principally contends that the lower court erred in determining that (a) no reasonable jury could infer notice from the presence of the security guard at the location of the fall and that (b) defendant's failure to preserve evidence and discovery misconduct should have precluded summary judgment.

Plaintiff contends that the lower court applied the wrong analysis to the facts and improperly decided issues of fact reserved for the trier of fact.

The standard of review is *de novo*.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Teresa McCoy, | 21 CV 04907 (VEC)( ) |
| Plaintiff, | |
| - against - | Notice of Appeal |
| The TJX Companies, Inc., | |
| Defendant. | |

Notice is hereby given that plaintiff in the above named case hereby appeals to the United States Court of Appeals for the Second Circuit from the final judgment entered in this action on the 19th day of July, 2023.

Dated: New York, New York
      August 14, 2023

MICHAEL G. O'NEILL

_____
Attorney for Plaintiff
217 Broadway, Suite 306
New York, New York 10007
(212) 581-0990

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/19/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
TERESA MCCOY,                                   :
                                                :
                              Plaintiff,         :
                                                :          21-CV-4907 (VEC)
                 -against-                       :
                                                :          OPINION
THE TJX COMPANIES, INC.,                         :
                                                :
                              Defendant.         :
------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

Plaintiff Teresa McCoy sued The TJX Companies, Inc. ("TJX" or "Defendant") for

negligence for injuries allegedly sustained at a TJ Maxx HomeGoods store (the "Store") owned

and operated by Defendant. *See* Compl., Dkt. 1-1. Defendant has moved for summary

judgment. *See* Def. Notice of Mot., Dkt. 28. For the reasons discussed below, Defendant's

motion for summary judgment is GRANTED.

## BACKGROUND[1]

On July 28, 2019, Plaintiff visited the Store located in New York City. 56.1 Stmt. ¶ 1.

Upon entering the Store, Plaintiff noticed a stool for sale and approached it. *Id.* ¶¶ 8–9. Plaintiff

observed that the stool was on the floor approximately six inches in front of a display table that

contained other merchandise. *Id.* ¶ 11. Plaintiff examined the stool and, while standing less than

six inches away, placed her hand on the top of the stool. *Id.* ¶ 14. Plaintiff then sat down on the

---

[1]     The facts are gathered from the parties' 56.1 statements, the exhibits attached to the parties' submissions,
and the parties' summary judgment briefs. The facts are construed in the light most favorable to Plaintiff.
*See Wandering Dago, Inc. v. Destito*, 879 F.3d 20, 30 (2d Cir. 2018). All facts are undisputed unless otherwise
indicated. The parties' 56.1 Statements and responses thereto, filed separately but numbered consecutively, *see*
Dkts. 36, 41, are cited as "56.1 Stmt."

stool and felt it "sort of just give way" beneath her. *Id.* ¶ 16. The stool toppled over, causing Plaintiff to fall to the ground. *Id.*

After the fall, Plaintiff discovered that the stool she was admiring had been stacked on top of another identical stool. *Id.* ¶ 17. Joe Baglivio, the Store's Merchandise Manager, responded to the scene.[2] *Id.* ¶¶ 19–20. Baglivio told Plaintiff that the stools "shouldn't have been there." *Id.* ¶ 3.

Plaintiff does not know who placed the stools on the floor or who stacked them, *id.*, nor did Plaintiff observe any TJX employees actively stocking merchandise in the vicinity before or after her incident, *id.* ¶ 23. Prior to her fall, however, Plaintiff noticed that a security guard was standing approximately six to eight feet away from where she fell, but she does not know whether he actually witnessed the fall.[3] *Id.* ¶¶ 34–36.

Although Plaintiff claims that a surveillance camera was located near the entrance of the Store and that it would have captured the incident, *id.* ¶ 51; Pl. Decl. ¶ 3, Ex. A, Dkt. 33; Connor Decl. ¶¶ 2–3, Exs. A–B, Dkt. 34, Defendant disputes that fact and insists that it has no surveillance footage of the incident, *see* Def. Reply 9, Dkt. 39; Pl. Opp. 13, Dkt. 35.

Baglivio claims that, as part of his regular duties, he walked throughout the store every 30 to 40 minutes looking for potentially hazardous conditions and did so on the date of the incident. 56.1 Stmt. ¶¶ 27–28. Baglivio also claims that he last inspected the area where Plaintiff fell approximately 40 minutes prior to the incident and did not observe any stools stacked on the sales floor. *Id.* ¶ 28. Arturo Cepeda, a Sales Associate, also claims that he

---

[2]     Baglivio testified at his deposition that he was "paged" about the incident, but he does not remember who paged him, *see* Baglivio Dep. 11:6-11, 14:3, Dkt. 29-10, nor could he recall the condition in which he found Plaintiff when he arrived at the scene, *see id.* 13:7-10. Baglivio recalled only that he responded to a page, went to the incident area, spoke to Plaintiff, and reported the incident to risk management. *Id.* 13:11-18.

[3]     Plaintiff claims that, to the best of her knowledge, the security guard would have been able to see the location of the incident. 56.1 Stmt. ¶ 35.

patrolled the sales floor that day as part of his regular job duties to ensure all merchandise was properly displayed. *Id.* ¶¶ 30–31; Ex. L, Cepeda Aff. ¶ 8, Dkt. 29-13. Cepeda claims that he last inspected the area where Plaintiff fell approximately 15 to 20 minutes prior to the incident and did not observe stools stacked on the sales floor. *Id.* ¶ 31.

Defendant asserts that there were no prior complaints about the stools or the manner in which they were displayed, *id.* ¶ 32, nor were there any prior similar incidents, *id.* ¶ 33.

## DISCUSSION

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)) (internal quotation marks omitted). To defeat summary judgment, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006) (citation and internal quotation marks omitted). Courts "construe the facts in the light most favorable to the nonmoving party and . . . resolve all ambiguities and draw all reasonable inferences against the movant." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d Cir. 2014) (per curiam) (quoting *Aulicino v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 79–80 (2d Cir. 2009)) (internal quotation marks omitted).

"Under New York law, a plaintiff asserting a negligence claim must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Rodriguez v. Wal-Mart Stores E., LP*, 2017 WL 4045745, at *3 (S.D.N.Y.

Sept. 11, 2017) (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006)) (internal

quotation marks omitted). For a slip-and-fall premises liability case, the plaintiff must

demonstrate that the landowner either created the condition that caused the injury, or that the

landowner had actual or constructive notice of the condition. *Id.* at *3 (quoting *Gonzalez v. Wal-

Mart Stores, Inc.*, 299 F. Supp. 2d 188, 192 (S.D.N.Y. 2004)). "[U]nder federal law, the moving

party need not make any affirmative *prima facie* showing on a motion for summary judgment,

and may discharge its burden of proof merely by pointing to an absence of evidence to support

an essential element of Plaintiff's claim."[4] *Decker v. Middletown Walmart Supercenter Store*,

2017 WL 568761, at *4 (S.D.N.Y. Feb. 10, 2017) (quoting *Vasquez v. United States*, 2016 WL

315879, at *5 (S.D.N.Y. Jan. 15, 2016)) (internal quotation marks and alterations omitted).

    In this case, the parties contest whether Plaintiff has sufficient evidence to create a

question of fact as to whether Defendant created the hazardous condition or had actual or

constructive knowledge that it existed.

## I. Plaintiff Has No Evidence that Defendant Created the Hazardous Condition

    Plaintiff has failed to establish that Defendant created the hazardous condition that led to

Plaintiff's fall. To establish that a defendant created the condition that caused the injury, "a

plaintiff must point to 'some affirmative act' on the part of the defendant." *Vasquez*, 2016 WL

315879, at *7 (citations omitted). Circumstantial evidence may be sufficient to defeat a motion

for summary judgment if it creates an inference that the defendant created the condition through

---

[4]    Federal law applies to procedural aspects of a slip-and-fall claim, while state law governs the substantive aspects. *Decker v. Middletown Walmart Supercenter Store*, 2017 WL 568761, at *3 (S.D.N.Y. Feb. 10, 2017) (citing *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). The moving party's burden of proof at summary judgment is procedural and, therefore, governed by federal law. *Tingling v. Great Atl. & Pac. Tea Co.*, 2003 WL 22973452, at *2 (S.D.N.Y. Dec. 17, 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (applying federal law on defendant's burden at summary judgment stage to diversity action)).

affirmative acts; but mere speculation and conjecture are insufficient. *Decker*, 2017 WL 568761, at *5 (quoting *Vasquez*, 2016 WL 315879, at *7).

Plaintiff offers no affirmative evidence that Defendant, or any of its employees, placed the stools on the sales floor and stacked them prior to the incident, 56.1 Stmt. ¶ 3; Pl. Opp. 6 (admitting that "there is no evidence as to who stacked the stools"), nor does she offer any evidence that any employees were actively stocking merchandise in the area of her fall, 56.1 Stmt. ¶ 23. By contrast, two of Defendant's employees reported that they were in the vicinity within 15 to 40 minutes prior to the incident and did not observe the stacked stools on the display floor; if they had, the employees report, they would have "addressed [the placement of the stools] immediately" because Store policy prohibits stools from being stacked.[5] *Id.* ¶¶ 22, 26, 28, 31.

Plaintiff contends, however, that Baglivio acknowledged that an employee had improperly stacked the stools when he told Plaintiff that the stools "shouldn't have been there." Pl. Opp. 6. Baglivio's statement does not create an inference that it was an employee of Defendant who stacked the stools as opposed to, for example, Plaintiff herself, or even another customer. Although Plaintiff argues that the absence of "evidence that anyone other than employees or agents of [D]efendant are responsible for the display of merchandise" suggests that

---

[5]    Plaintiff does not directly dispute Defendant's position that Store policy prohibits stools from being stacked, but apparently disputes the veracity of employee testimony as to whether "the normal position for the stools" would have been on the floor or on a platform. *See* 56.1 Stmt. ¶ 22. Plaintiff also: disputes, without citing to any evidence, Defendant's assertion that its employees were trained to re-position stools to their correct display positions if they were observed to be improperly stacked, *id.* ¶ 26; asserts that the Store employees' recollections of having inspected the area before the incident are "inconceivable" and "strain credulity," *id.* ¶¶ 28, 31; and asserts that she lacks knowledge regarding the truthfulness of employee affidavits, *id.* ¶ 28. Because Plaintiff cites no evidence to support her assertions, the Court deems Defendant's factual assertions to be undisputed. *See* Local Rule 56.1(d); *AFL Fresh & Frozen Fruits & Vegetables v. De-Mar Food Svcs. Inc.*, 2007 WL 4302514, at *4 (S.D.N.Y. Dec. 7, 2007) (stating that "unsupported denials, without more, cannot create disputes of material fact," and that "a nonmovant cannot raise a material issue of fact by denying statements . . . for lack of knowledge and information"); *Bacote v. Riverbay Corp.*, 2017 WL 11567934, at *2 n.4, *4 n.10, *5 n.13 (S.D.N.Y. Nov. 8, 2017) (deeming factual assertions undisputed when objections are insufficient to create genuine disputes for trial).

Defendant stacked the stools, *id.*, such speculation is insufficient to meet her burden, *Decker*, 2017 WL 568761, at *5. Plaintiff's arguments that the employees' statements are not credible are also unavailing: absent evidence that Defendant stacked the stools, Plaintiff cannot demonstrate a genuine dispute of material fact that Defendant itself created the hazardous condition.

## II. Plaintiff Has No Evidence that Defendant Had Actual Notice of the Hazardous Condition

Plaintiff has also failed to establish that Defendant had actual notice of the hazardous condition. Under New York law, if a defendant did not create the hazardous condition, it may still be liable if it had actual notice of the hazardous condition that caused a plaintiff's injury. *See Decker*, 2017 WL 568761, at *6 (quoting *Cousin v. White Castle Sys., Inc.*, 2009 WL 1955555, at *7 (E.D.N.Y. July 6, 2009)).

Plaintiff has failed to establish that Defendant had actual notice. There is no record evidence that anyone complained about the stools or the manner in which they were displayed.[6] 56.1 Stmt. ¶ 32. Although Plaintiff alleges that a security guard was nearby at the time of her fall, *id.* ¶¶ 34–36, there is no evidence that the security guard actually observed that the stools were improperly displayed. The mere assertion that the security guard "was in a position to see the area where the stools in question were located," *id.* ¶ 35, is insufficient to create a genuine issue of material fact regarding whether Defendant had actual notice of the hazardous condition. *See Decker*, 2017 WL 568761, at *6 (citing *Castellanos v. Target Dep't Stores, Inc.*, 2013 WL 4017166, at *4 (S.D.N.Y. Aug. 7, 2013) (finding no issue of fact where employees walked

---

[6] Plaintiff disputes this factual assertion, citing lack of knowledge. 56.1 Stmt. ¶ 32. But again, Plaintiff's lack of knowledge is insufficient to create a dispute of material fact. *See supra* n. 5.

through the area in which plaintiff fell, without indication that the employees noticed the condition)).

In short, Plaintiff has no evidence that Defendant had actual notice of the hazardous condition.

## III.    Plaintiff Has No Evidence that Defendant Had Constructive Notice of the Hazardous Condition

Finally, Plaintiff has also failed to establish that Defendant had constructive notice of the hazardous condition.  To establish constructive notice, the condition must (1) be visible and apparent and (2) exist for a sufficient length of time prior to the accident to permit the defendant, or defendant's employees, to discover and remedy it.  *Rodriguez*, 2017 WL 4045745, at *4 (quoting *Gordon v. Am. Museum of Nat. Hist.*, 67 N.Y.2d 836, 837 (1986)).  A plaintiff can establish a question of fact as to whether a condition is "visible and apparent" by offering evidence of the condition's visibility, such as from witness testimony, surveillance video, or photographs.  *Compare Alexander v. Marriott Int'l, Inc.*, 2002 WL 1492125, at *3 (S.D.N.Y. July 11, 2002) (plaintiff provided sufficient evidence to raise a triable issue of fact as to constructive notice when a witness claimed to have observed a puddle of water prior to plaintiff's fall); *with Decker*, 2017 WL 568761, at *7 (plaintiff failed to establish visible or apparent condition when surveillance video did not show the condition and when there was no evidence that any other person saw the condition); *see also Sweeney v. Riverbay Corp.*, 76 A.D.3d 847, 848 (1st Dep't 2010) (visibility of condition established from witness testimony); *Villaurel v. City of New York*, 59 A.D.3d 709, 711–12 (2nd Dep't 2009) (visibility of condition established from witness testimony and photographs).  When the plaintiff is "unable to establish how long the condition causing the accident existed prior to the accident," summary judgment in

favor of the defendant is appropriate. *Rodriguez*, 2017 WL 4045745, at \*4 (quoting *Stephanides v. BJ's Wholesale Club, Inc.*, 2013 WL 1694901, at \*5 (E.D.N.Y. Apr. 18, 2013)).

Here, it is undisputed that Plaintiff inspected the stools herself and did not realize they were stacked until she decided to sit down on them, circumstantial evidence that the hazardous condition was not visible and apparent. *See* 56.1 Stmt. ¶ 14; *see, e.g.*, *Schubert-Fanning v. Stop & Shop Supermarket Co., LLC*, 118 A.D.3d 862, 863 (2nd Dep't 2014) (finding that a "latent defect," i.e., one that could not have been discovered by a layperson even by inspection, could not be "visible and apparent" for purposes of imputing constructive notice to the defendant); *Barrerra v. N.Y.C. Transit Auth.*, 61 A.D.3d 425, 426 (1st Dep't 2009); *Rapino v. City of New York*, 299 A.D.2d 470, 471 (2nd Dep't 2002). There is no evidence in the record that anyone else saw the stacked stools prior to Plaintiff's fall. *See* 56.1 Stmt. ¶ 32 (undisputed that there were no prior complaints about the stools or the manner in which they were displayed); *cf. Alexander*, 2002 WL 1492125, at \*3 (denying summary judgment because "a reasonable jury could conclude that defendant had constructive notice" based on witness testimony that "[s]ome twenty minutes prior to plaintiff's fall, [the witness] observed a puddle of water on the floor"). Although, as discussed above, Plaintiff asserts that, to "the best of her knowledge," the security guard was in a position to see the stacked stools, *see* 56.1 Stmt. ¶ 35; McCoy Dep. 41:4-8, Dkt. 29-7, the mere presence of Defendant's employee, absent evidence of how long the employee was present in the area or affirmative evidence that the employee observed the condition, is

insufficient to create a genuine issue of material fact regarding constructive notice.[7] *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (non-moving party "may not rely on conclusory allegations or unsubstantiated speculation" to create a genuine dispute of material fact); *see also Gonzalez v. Kmart Inc.*, 2016 WL 3198275, at *5 (E.D.N.Y. June 8, 2016) ("The mere fact that a[n] . . . employee may have been close to the [condition] at the time Plaintiff fell is insufficient to create an inference that the employee saw the [condition] before the accident." (emphasis omitted)).

Even if the stacked stools had been visible and apparent, Plaintiff has failed to marshal any record evidence suggesting that the stools had been stacked for a sufficient length of time prior to her fall to give rise to an inference that some employee of Defendant must have seen them. Defendant's employees, Baglivio and Cepeda, testified under penalty of perjury that they last inspected the incident area approximately 40 minutes and 15 to 20 minutes prior to the incident, respectively, and neither saw the stacked stools. 56.1 Stmt. ¶¶ 28, 31. Plaintiff has failed to rebut these assertions with any contrary evidence. *See supra* n.5. Without witness testimony, surveillance footage, or any other evidence to establish how long the hazardous condition existed, Plaintiff can only speculate as to how long the stools were stacked prior to her fall; speculation is inadequate to defeat a motion for summary judgment. *Rodriguez*, 2017 WL 4045745, at *4 (quoting *Stephanides*, 2013 WL 1694901, at *5) ("In cases where the plaintiff is

---

[7]     For the same reason, Plaintiff's argument that Defendant had constructive notice of the condition because, in addition to the security guard, "there is always one store employee assigned to [the incident area], and . . . the assigned employee would have a clear view of the entire area," Pl. Opp. 7 (internal citations omitted), is insufficient to create a triable issue of fact. But even if it were sufficient, Plaintiff failed to include the factual assertion necessary to support this argument in her 56.1 statement. *See* Local Rule 56.1(b) ("The papers opposing a motion for summary judgment *shall* include . . ., []if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." (emphasis added)).

unable to establish how long the condition causing the accident existed prior to the accident," courts have entered summary judgment in favor of the defendant).[8]

In short, Plaintiff has failed to marshal any evidence to demonstrate that Defendant had actual or constructive notice of the hazardous condition. Accordingly, Defendant's motion for summary judgment is granted.[9]

## IV. Plaintiff's Requests for Sanctions Are Denied

Plaintiff argues that the Court should deny Defendant's motion for summary judgment as a discovery sanction for Defendant's alleged violation of Fed. R. Civ. P. 26(g) when it failed to disclose the identity of the security guard who was on duty at the time of the incident. *See* Pl. Opp. 10–12. Plaintiff also asserts that sanctions are appropriate because Defendant engaged in spoliation. *See* Pl. Opp. 12–16.

Pursuant to Rule 26(g), "[e]very disclosure under Rule 26(a)(1) or (a)(3) and every discovery . . . response . . . must be signed by at least one attorney of record," which constitutes the signing attorney's certification that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, the disclosure is "complete and correct as of the time it is made," and a discovery response is (1) "consistent with the [Federal Rules of Civil Procedure] and warranted by existing law or by a nonfrivolous legal argument," (2) "not interposed for any

---

[8]   As discussed above, Plaintiff's contention that the affidavits from Baglivio and Cepeda are "inherently implausible," Pl. Opp. 8; 56.1 Stmt. ¶¶ 28, 31, without citations to controverting evidence, does not create a question of fact for trial. *See* Local Rule 56.1(d); *supra* n.5. Moreover, it is not Defendant's burden to show its inspection records; Defendant merely needs to demonstrate that Plaintiff has no evidence that Defendant failed to maintain the store in a safe condition. *Decker*, 2017 WL 568761, at *9.

[9]   Because the Court grants Defendant's motion for summary judgment, it need not consider Defendant's alternative argument that Plaintiff is the "sole proximate cause" of her injury. Def. Mem. 7, Dkt. 31.

improper purpose," and (3) "neither unreasonable nor unduly burdensome or expensive."[10] *See* Fed. R. Civ. P. 26(g)(1)(A)–(B). Rule 26 does not require the signing attorney to certify the truthfulness of the client's factual responses to a discovery request; rather, an attorney is merely obligated to make reasonable inquiry to verify the truthfulness of such information. *See Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prods., Inc.*, 2020 WL 7342724, at *13 (S.D.N.Y. Dec. 11, 2020) (citing *Kiobel v. Royal Dutch Petroleum Co.*, 2009 WL 1810104, at *2 (S.D.N.Y. June 25, 2009); Fed. R. Civ. P. 26(g)(1)). To merit sanctions for a Rule 26 violation, the complaining party must have been prejudiced by the violation. *See New York v. U.S. Dep't of Com.*, 461 F. Supp. 3d 80, 88 (S.D.N.Y. 2020) ("[S]anctions under Rule 26(g) are not appropriate when a party has not been harmed" by the violation) (collecting cases)).

The basis for Plaintiff's sanctions request stems from Defendant's response to one of Plaintiff's interrogatories. Plaintiff asked Defendant to "identify the security guard who was on duty and stationed by the display at the time of the [incident]." Ex. 5, Resp. to Pl.'s First Interrogs. 1, Dkt. 32. Defendant responded that it did not have "sufficient information to provide a response."[11] *Id.*; 56.1 Stmt. ¶ 38. Plaintiff argues that because Defendant is legally obligated to maintain employment records for seven years, this response was false, and thus in violation of Rule 26(g). Pl. Opp. 11–12.

Although the Court agrees that the identity of the security guard should have been relatively easy for Defendant to locate, the Court finds that sanctions are not warranted because

---

[10] Plaintiff misquotes Rule 26(g)(1) in her opposition brief, conflating the requirements of Rule 26(g)(1)(A) (which pertains to initial disclosures) for those of Rule 26(g)(1)(B) (which pertains to discovery responses and objections). *See* Pl. Opp. 11. Plaintiff does not dispute the veracity of Defendant's disclosures, for which Rule 26(g)(1) provides that that the attorney's signature constitutes the attorney's certification that it is "complete and correct as of the time it is made." *See* Fed. R. Civ. P. 26(g)(1)(A).

[11] Defendant also objected to Plaintiff's request as "overbroad, vague, unduly burdensome and not the proper subject of an interrogatory." 56.1 Stmt. ¶ 38; O'Neill Decl. Ex. 5 at 1, Dkt. 32.

Plaintiff has not demonstrated that she suffered any prejudice. As Defendant correctly points out, prior to the scheduled close of discovery, Plaintiff was able to ascertain the security guard's identity during the deposition of one of Defendant's employees. *See* 56.1 Stmt. ¶ 42; Def. Reply 9; Ex. 3, Cuba Dep. 21:2-15, Dkt. 32 (providing the security guard's name). Because Plaintiff learned the identity of the security guard before the close of discovery, and could have, but did not, notice the guard's deposition or otherwise seek an extension of the discovery deadline, Plaintiff has failed to demonstrate that she was prejudiced by the delayed disclosure. *See Wisser v. Vox Media, Inc.*, 2020 WL 1547381, at *3 (S.D.N.Y. Apr. 1, 2020) (declining to impose Rule 26(g) sanctions when information not provided in interrogatory responses became available during the discovery period). Accordingly, the Court declines to impose Rule 26(g)(3) sanctions against Defendant.

Plaintiff also claims that Defendant impermissibly deleted or failed to preserve surveillance footage of the incident and thereby engaged in spoliation of evidence. Pl. Opp. 13. Plaintiff asks that the Court, as a form of sanction for the alleged spoliation, to deny Defendant's motion for summary judgment and permit an adverse inference instruction. *See id.* at 14–15. Plaintiff's request is without merit and is denied.

"[F]or sanctions to be appropriate [for spoliation of evidence], it is a necessary, but insufficient, condition that the sought-after evidence actually existed and was destroyed." *Sachs v. Cantwell*, 2012 WL 3822220, at *7 (S.D.N.Y. Sept. 4, 2012) (emphasis omitted) (quoting *Farella v. City of New York*, 2007 WL 193867, at *2 (S.D.N.Y. Jan. 25, 2007)). "[T]he mere presence of a video camera does not establish that the camera was in place to record at the time, nor does its presence establish that any recording was made at the time of the incident." *Sachs*, 2012 WL 3822220, at *7 (collecting cases).

Plaintiff has failed to show that any surveillance footage ever existed.  Plaintiff offers

declarations from herself and Jon Connor, a former loss prevention store detective who was

employed by Defendant the month of Plaintiff's incident, along with photographs purportedly

reflecting that there was a security camera mounted to the ceiling of the Store positioned so that

it would have captured the incident.  56.1 Stmt. ¶ 51; Pl. Opp. 13; Pl. Decl. ¶¶ 2–3, Ex. A;

Connor Decl. ¶¶ 2–3, Exs. A–B.  Connor's declaration asserts that the video camera "was

connected to the Store's video recording system" and streamed images to a nearby video

monitor.  Connor Decl. ¶¶ 2–3, Exs. A–B.  Plaintiff declares that she could be seen on the video

monitor when she stood where she fell; from that, she asserts that the video camera would have

been able to capture the incident.  Pl. Decl. ¶¶ 2–3, Ex. A.  Because Defendant has not produced

any such surveillance footage, Plaintiff claims, the surveillance evidence was destroyed.  Pl.

Opp. 13.

Plaintiff's contentions are pure conjecture.  Even if the Court were to credit Plaintiff's

and Connor's declarations that a video camera covering the location of the incident was

connected to the Store's video recording system, there is still no evidence that the camera was

actively recording on the date of the incident.  *See Sachs*, 2012 WL 3822220, at *7.  Connor does

not claim as much: neither he nor Plaintiff asserts that the camera was recording that day, that it

was functioning that day, or that any footage of the incident was recorded.  *See* Connor Decl. ¶ 3.

Moreover, the photographs attached to Plaintiff and Connor's declarations are undated, *see* Pl.

Decl. Ex. A; Connor Decl. Exs. A–B; neither Plaintiff nor Connor asserts that the photographs

reflect the camera's position on the date of the incident, *see generally id.*

Even if Plaintiff had presented sufficient evidence that there was surveillance footage of

the incident that Defendant did not produce, denial of Defendant's motion for summary

judgment would not be appropriate. As already discussed, Plaintiff has no evidence that would warrant submitting her claim to a jury.[12]

In short, Plaintiff's motion for sanctions is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. The Clerk of Court is respectfully directed to close the open motion at Dkt. 28 and to close this case.

**SO ORDERED.**

Date: **July 19, 2023**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

---

[12] Nor does Plaintiff meet the requirements for an adverse inference instruction. A party seeking an adverse inference from spoliation of evidence must show through extrinsic evidence that the destroyed evidence would have been favorable to its case. *Simoes v. Target Corp.*, 2013 WL 2948083, at *6 (E.D.N.Y. June 14, 2013); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 221 (S.D.N.Y. 2003) (corroboration requirement is necessary where the alleged destruction was negligent, grossly negligent, or reckless absent evidence of willful spoliation). Plaintiff has only claimed that that it is "not unreasonable to conclude" that the absence of surveillance footage was the result of Defendant's intentional failure to preserve it, without citing to any evidence in support. Pl. Opp. 15 n.3; *see also id.* at 13 (merely speculating about the potential contents of the surveillance footage).

CLOSED,APPEAL,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:21–cv–04907–VEC

McCoy v. The TJX Companies, Inc.
Assigned to: Judge Valerie E. Caproni
Case in other court:  State Court– Supreme, 153619–2021
Cause: 28:1441pi Petition for Removal– Personal Injury

Date Filed: 06/03/2021
Date Terminated: 07/19/2023
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

**Plaintiff**

**Teresa McCoy**                     represented by  **Michael Gerard O'Neill**
Michael G. O'Neill
30 Vesey Street
New York, NY 10007
212–581–0990
Fax: 212–581–5897
Email: darrow@oneilllaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**The TJX Companies, Inc.**          represented by  **Mary Catherine Azzaretto**
Simmons Jannace Deluca, LLP
43 Corporate Drive
Hauppauge, NY 11788
631–873–4888
Fax: 631–873–4889
Email: mazzaretto@sjdfirm.com
*TERMINATED: 08/18/2023*
*LEAD ATTORNEY*

**Michael Christopher Lamendola**
Simmons Jannace Deluca, LLP
43 Corporate Drive
Hauppauge, NY 11788
(631)–873–4888
Email: mlamendola@sjdfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Allison Cory Leibowitz**
Simmons, Jannace, LLP
115 Eileen Way
Suite 103
Syosset, NY 11791–5314
(516) 802–0630
Fax: (516)–802–0631
Email: aleibowitz@sjdfirm.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/03/2021 | 1 | NOTICE OF REMOVAL from Supreme Court – New York, County of New York. Case Number: 153619/2021. (Filing Fee $ 402.00, Receipt Number ANYSDC–24624694).Document filed by The TJX Companies, Inc.. (Attachments: # 1 Exhibit A).(Leibowitz, Allison) (Entered: 06/03/2021) |

| | | |
|---|---|---|
| 06/03/2021 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by The TJX Companies, Inc...(Leibowitz, Allison) (Entered: 06/03/2021) |
| 06/03/2021 | 3 | NOTICE OF APPEARANCE by Allison Cory Leibowitz on behalf of The TJX Companies, Inc...(Leibowitz, Allison) (Entered: 06/03/2021) |
| 06/03/2021 | 4 | NOTICE OF APPEARANCE by Mary Catherine Azzaretto on behalf of The TJX Companies, Inc...(Azzaretto, Mary) (Entered: 06/03/2021) |
| 06/03/2021 | 5 | **FILING ERROR – PDF ERROR** – CIVIL COVER SHEET filed..(Leibowitz, Allison) Modified on 6/4/2021 (vf). (Entered: 06/03/2021) |
| 06/04/2021 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT CIVIL COVER SHEET. Notice to attorney Allison Cory Leibowitz to RE–FILE Document No. 5 Civil Cover Sheet. The filing is deficient for the following reason(s): the form used for the civil cover sheet is not the S.D.N.Y. Civil Cover Sheet form dated October 1, 2020. Re–file the document using the event type Civil Cover Sheet found under the event list Other Documents and attach the correct PDF. Use civil cover sheet issued by S.D.N.Y. dated October 1, 2020. The S.D.N.Y. Civil Cover Sheet dated October 1, 2020 is located at http://nysd.uscourts.gov/file/forms/civil–cover–sheet. (vf)** (Entered: 06/04/2021) |
| 06/04/2021 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above–entitled action is assigned to Judge Kenneth M. Karas. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district–judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf–related–instructions..(vf) (Entered: 06/04/2021) |
| 06/04/2021 | | Magistrate Judge Paul E. Davison is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018–06/AO–3.pdf. (vf) (Entered: 06/04/2021) |
| 06/04/2021 | | Case Designated ECF. (vf) (Entered: 06/04/2021) |
| 06/04/2021 | 6 | CIVIL COVER SHEET filed..(Leibowitz, Allison) (Entered: 06/04/2021) |
| 06/07/2021 | 7 | ANSWER to Complaint. Document filed by The TJX Companies, Inc...(Leibowitz, Allison) (Entered: 06/07/2021) |
| 06/07/2021 | 8 | CERTIFICATE OF SERVICE of Notice of Removal et al served on Michael G. O'Neill on June 3, 2021. Service was made by mail. Document filed by The TJX Companies, Inc...(Leibowitz, Allison) (Entered: 06/07/2021) |
| 06/07/2021 | 9 | CERTIFICATE OF SERVICE of Rule 7.1 Disclosure served on Michael G. O'Neill on June 3, 2021. Service was made by mail. Document filed by The TJX Companies, Inc...(Leibowitz, Allison) (Entered: 06/07/2021) |
| 06/07/2021 | 10 | CERTIFICATE OF SERVICE of Notice of Appearance served on Michael G. O'Neill on June 3, 2021. Service was made by mail. Document filed by The TJX Companies, Inc...(Azzaretto, Mary) (Entered: 06/07/2021) |
| 06/07/2021 | | NOTICE OF CASE REASSIGNMENT to Judge Valerie E. Caproni. Judge Kenneth M. Karas is no longer assigned to the case..(wb) (Entered: 06/07/2021) |
| 06/07/2021 | | Magistrate Judge Stewart D. Aaron is so redesignated. (wb) (Entered: 06/07/2021) |
| 06/09/2021 | 11 | NOTICE OF INITIAL PRETRIAL CONFERENCE:In light of the COVID–19 situation, the Court will conduct the Initial Pretrial Conference ("IPTC") in accordance with Rule 16 of the Federal Rules of Civil Procedure on July 30, 2021 at 10:30 a.m. by teleconference. At the scheduled time, counsel for all parties should call 888–363–4749, Access code 3121171#, Security code 4907. (Initial Conference set for 7/30/2021 at 10:30 AM before Judge Valerie E. Caproni.) (Signed by Judge Valerie E. Caproni on 6/9/2021) (rro) (Entered: 06/09/2021) |

| 07/21/2021 | 12 | NOTICE OF APPEARANCE by Michael Gerard O'Neill on behalf of Teresa McCoy..(O'Neill, Michael) (Entered: 07/21/2021) |
|---|---|---|
| 07/21/2021 | 13 | DEMAND for Trial by Jury. Document filed by Teresa McCoy.(O'Neill, Michael) (Entered: 07/21/2021) |
| 07/23/2021 | 14 | PROPOSED SCHEDULING ORDER. Document filed by The TJX Companies, Inc...(Azzaretto, Mary) (Entered: 07/23/2021) |
| 07/23/2021 | 15 | JOINT LETTER addressed to Judge Valerie E. Caproni from Mary C. Azzaretto dated July 23, 2021 re: Notice of Initial Pre−trial Conference dated June 9, 2021. Document filed by The TJX Companies, Inc...(Azzaretto, Mary) (Entered: 07/23/2021) |
| 07/23/2021 | 16 | MEMO ENDORSEMENT on re: 15 Letter Notice of Initial Pre−trial Conference dated June 9, 2021 filed by The TJX Companies, Inc. ENDORSEMENT: The initial pretrial conferences scheduled for July 30, 2021 is canceled. The parties' case management plan will be entered separately. SO ORDERED. (Signed by Judge Valerie E. Caproni on 7/23/21) (yv) (Entered: 07/23/2021) |
| 07/23/2021 | 17 | CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER: This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3). All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. 636(c). Deposition due by 12/13/2021. All Fact Discovery due by 10/29/2021. All Expert Discovery due by 12/13/2021. This case is to be tried to a jury. The next Pretrial Conference set for 11/5/2021 at 10:00 AM in Courtroom 443, 40 Centre Street, New York, NY 10007 before Judge Valerie E. Caproni. And as set forth herein. SO ORDERED. (Signed by Judge Valerie E. Caproni on 7/23/2021) (ama) (Entered: 07/23/2021) |
| 09/17/2021 | 18 | NOTICE OF CHANGE OF ADDRESS by Michael Gerard O'Neill on behalf of Teresa McCoy. New Address: Michael G. O'Neill, 217 Broadway, Suite 306, New York, New York, USA 10007, 212−581−0990..(O'Neill, Michael) (Entered: 09/17/2021) |
| 10/25/2021 | 19 | LETTER addressed to Judge Valerie E. Caproni from Mary C. Azzaretto, Esq. dated 10/25/2021 re: Request for Discovery Extension. Document filed by The TJX Companies, Inc...(Azzaretto, Mary) (Entered: 10/25/2021) |
| 10/25/2021 | 20 | MEMO ENDORSEMENT on re: 19 Letter filed by The TJX Companies, Inc. ENDORSEMENT: Application GRANTED. Fact discovery must be completed by January 29, 2022. Expert discovery must be completed by March 13, 2022. And the pretrial conference currently scheduled for November 5, 2021 is adjourned to February 4, 2022 at 3:30 p.m. ( Expert Discovery due by 3/13/2022., Fact Discovery due by 1/29/2022., Pretrial Conference set for 2/4/2022 at 03:30 PM before Judge Valerie E. Caproni.) (Signed by Judge Valerie E. Caproni on 10/25/2021) (tg) (Entered: 10/25/2021) |
| 01/26/2022 | 21 | LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge Valerie E. Caproni from Mary C. Azzaretto dated January 26, 2022. Document filed by The TJX Companies, Inc...(Azzaretto, Mary) (Entered: 01/26/2022) |
| 01/26/2022 | 22 | ORDER granting 21 Letter Motion for Extension of Time to Complete Discovery. Application GRANTED. The fact discovery discovery deadline is adjourned to April 29, 2022, and expert discovery is adjourned to June 13, 2022. The pretrial conference, currently scheduled for February 4, 2022, is adjourned to May 6, 2022. Pre−conference submissions are due no later than April 28, 2022. For a description of the pre−conference submissions requirements, the parties should consult the Court's order at docket entry 17. The parties should appear for the conference by dialing 888−363−4749, using the access code 3121171 and the security code 4907. No further extensions or adjournments will be granted. SO ORDERED. (Signed by Judge Valerie E. Caproni on 1/26/2022) (tg) (Entered: 01/26/2022) |
| 01/26/2022 | | Set/Reset Deadlines: Deposition due by 6/13/2022. Expert Discovery due by 6/13/2022. Fact Discovery due by 4/29/2022. (tg) (Entered: 01/26/2022) |
| 04/27/2022 | 23 | STATUS REPORT. *Joint−in accordance with July 3, 2021 CCMP and January 26, 20222 Order* Document filed by The TJX Companies, Inc...(Azzaretto, Mary) (Entered: 04/27/2022) |

| | | |
|---|---|---|
| 04/27/2022 | 24 | MEMO ENDORSEMENT on re: 23 Status Report filed by The TJX Companies, Inc. ENDORSEMENT: The Court will discuss the parties' request for an extension of the fact discovery deadline at the pre–trial conference, which is scheduled for May 6, 2022 at 3:30 p.m. The parties must meet–and–confer prior to the conference and agree on a proposed summary judgment briefing schedule. The parties should appear for the conference by dialing 888–363–4749, using the access code 3121171 and the security code 4907. SO ORDERED., ( Telephone Conference set for 5/6/2022 at 03:30 PM before Judge Valerie E. Caproni.) (Signed by Judge Valerie E. Caproni on 4/27/22) (yv) (Entered: 04/28/2022) |
| 05/06/2022 | | Minute Entry for proceedings held before Judge Valerie E. Caproni: Telephone Conference held on 5/6/2022. Attorney Michael O'Neill present for the plaintiff. Attorney Mary Azzaretto present for the defendant. Court Reporter Kelly Surina present. (anc) (Entered: 05/06/2022) |
| 05/09/2022 | 25 | ORDER, IT IS HEREBY ORDERED that the Plaintiff must complete the 30(b)(6) deposition of the Defendant by no later than June 13, 2022; IT IS FURTHER ORDERED that the deadline for Defendant's motion for summary judgment is September 2, 2022; Plaintiff's opposition is due September 20, 2022; and Defendant's reply is due October 14, 2022; IT IS FURTHER ORDERED that expert discovery is STAYED pending a decision on Defendant's motion for summary judgment. SO ORDERED. ( Deposition due by 6/13/2022., Motions due by 9/2/2022., Responses due by 9/20/2022., Replies due by 10/14/2022.) (Signed by Judge Valerie E. Caproni on 5/9/22) (yv) (Entered: 05/09/2022) |
| 05/20/2022 | 26 | NOTICE OF APPEARANCE by Michael Christopher Lamendola on behalf of The TJX Companies, Inc...(Lamendola, Michael) (Entered: 05/20/2022) |
| 05/20/2022 | 27 | CERTIFICATE OF SERVICE of Notice of Appearance served on Michael G. O'Neill, Esq. on May 20, 2022. Service was made by Mail. Document filed by The TJX Companies, Inc...(Lamendola, Michael) (Entered: 05/20/2022) |
| 09/02/2022 | 28 | MOTION for Summary Judgment . Document filed by The TJX Companies, Inc...(Leibowitz, Allison) (Entered: 09/02/2022) |
| 09/02/2022 | 29 | AFFIDAVIT of Allison C. Leibowitz in Support re: 28 MOTION for Summary Judgment .. Document filed by The TJX Companies, Inc.. (Attachments: # 1 Exhibit S&C, # 2 Exhibit Notice of Removal, # 3 Exhibit Answer, # 4 Exhibit First Set of Interrogatories, # 5 Exhibit Answer to Interrogatories, # 6 Exhibit Amended Answer to Interrogatories, # 7 Exhibit Plaintiff's deposition transcript, # 8 Exhibit Plaintiff's deposition transcript, # 9 Exhibit photographs marked at pltf's depo, # 10 Exhibit Mr. Baglivio's deposition transcript, # 11 Exhibit Ms. Pena's deposition transcript, # 12 Exhibit Mr. Baglivio's affidavit, # 13 Exhibit Mr. Cepeda's affidavit, # 14 Affidavit Certificate of service).(Leibowitz, Allison) (Entered: 09/02/2022) |
| 09/02/2022 | 30 | RULE 56.1 STATEMENT. Document filed by The TJX Companies, Inc.. (Attachments: # 1 Affidavit Certificate of Service).(Leibowitz, Allison) (Entered: 09/02/2022) |
| 09/02/2022 | 31 | MEMORANDUM OF LAW in Support re: 28 MOTION for Summary Judgment . . Document filed by The TJX Companies, Inc.. (Attachments: # 1 Affidavit Certificate of Service).(Leibowitz, Allison) (Entered: 09/02/2022) |
| 09/20/2022 | 32 | DECLARATION of Michael G. O'Neill in Opposition re: 28 MOTION for Summary Judgment .. Document filed by Teresa McCoy..(O'Neill, Michael) (Entered: 09/20/2022) |
| 09/20/2022 | 33 | DECLARATION of Teresa McCoy in Opposition re: 28 MOTION for Summary Judgment .. Document filed by Teresa McCoy..(O'Neill, Michael) (Entered: 09/20/2022) |
| 09/20/2022 | 34 | DECLARATION of Jon Connor in Opposition re: 28 MOTION for Summary Judgment .. Document filed by Teresa McCoy..(O'Neill, Michael) (Entered: 09/20/2022) |
| 09/20/2022 | 35 | MEMORANDUM OF LAW in Opposition re: 28 MOTION for Summary Judgment . . Document filed by Teresa McCoy..(O'Neill, Michael) (Entered: 09/20/2022) |

| | | |
|---|---|---|
| 09/20/2022 | 36 | COUNTER STATEMENT TO 30 Rule 56.1 Statement. Document filed by Teresa McCoy..(O'Neill, Michael) (Entered: 09/20/2022) |
| 10/14/2022 | 37 | AFFIDAVIT of Allison C. Leibowitz in Support re: 28 MOTION for Summary Judgment .. Document filed by The TJX Companies, Inc.. (Attachments: # 1 Exhibit Initial Disclosure).(Leibowitz, Allison) (Entered: 10/14/2022) |
| 10/14/2022 | 38 | CERTIFICATE OF SERVICE of Affidavit in Support served on Michael G. O'Neill on October 14, 2022. Service was made by MAIL. Document filed by The TJX Companies, Inc...(Leibowitz, Allison) (Entered: 10/14/2022) |
| 10/14/2022 | 39 | MEMORANDUM OF LAW in Support re: 28 MOTION for Summary Judgment . . Document filed by The TJX Companies, Inc...(Leibowitz, Allison) (Entered: 10/14/2022) |
| 10/14/2022 | 40 | CERTIFICATE OF SERVICE of Memorandum of Law In Support served on Michael G. O'Neill on October 14, 2022. Service was made by MAIL. Document filed by The TJX Companies, Inc...(Leibowitz, Allison) (Entered: 10/14/2022) |
| 10/14/2022 | 41 | RULE 56.1 STATEMENT. Document filed by The TJX Companies, Inc...(Leibowitz, Allison) (Entered: 10/14/2022) |
| 10/14/2022 | 42 | CERTIFICATE OF SERVICE of Reply Statement of Facts served on Michael G. O'Neill on October 14, 2022. Service was made by MAIL. Document filed by The TJX Companies, Inc...(Leibowitz, Allison) (Entered: 10/14/2022) |
| 07/19/2023 | 43 | OPINION re: 28 MOTION for Summary Judgment . filed by The TJX Companies, Inc.. For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. The Clerk of Court is respectfully directed to close the open motion at Dkt. 28 and to close this case. SO ORDERED. (Signed by Judge Valerie E. Caproni on 7/19/2023) (tg) Transmission to Orders and Judgments Clerk for processing. (Entered: 07/19/2023) |
| 07/19/2023 | 44 | CLERK'S JUDGMENT re: 43 Memorandum & Opinion in favor of The TJX Companies, Inc. against Teresa McCoy. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion dated July 19, 2023, Defendants' motion for summary judgment is GRANTED; accordingly, the case is closed. (Signed by Clerk of Court Ruby Krajick on 7/19/2023) (Attachments: # 1 Appeal Package) (km) (Entered: 07/19/2023) |
| 08/14/2023 | 45 | NOTICE OF APPEAL from 44 Clerk's Judgment,. Document filed by Teresa McCoy. Filing fee $ 505.00, receipt number ANYSDC–28143582. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(O'Neill, Michael) Modified on 8/14/2023 (km). (Entered: 08/14/2023) |
| 08/14/2023 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 45 Notice of Appeal.(km) (Entered: 08/14/2023) |
| 08/14/2023 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 45 Notice of Appeal filed by Teresa McCoy were transmitted to the U.S. Court of Appeals.(km) (Entered: 08/14/2023) |
| 08/17/2023 | 46 | LETTER addressed to Judge Valerie E. Caproni from Allison C. Leibowitz dated August 17, 2023 re: withdrawing attorney, Mary Azzaretto's Notice of Appearance. Document filed by The TJX Companies, Inc.. (Attachments: # 1 Exhibit Affirmation Pursuant to Local Civil Rule 1.4).(Leibowitz, Allison) (Entered: 08/17/2023) |
| 08/18/2023 | 47 | MEMO ENDORSEMENT on re: 46 Letter, filed by The TJX Companies, Inc. ENDORSEMENT Application GRANTED. The Clerk of Court is respectfully directed to terminate Mary Catherine Azzaretto as counsel in this case. SO ORDERED. Attorney Mary Catherine Azzaretto terminated. (Signed by Judge Valerie E. Caproni on 8/18/2023) (jca) (Entered: 08/18/2023) |