

**MANDATE**
23-1159
*McCoy v. The TJX Companies, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand twenty-four.

Present:
    JOHN M. WALKER, JR.,
    MICHAEL H. PARK,
    ALISON J. NATHAN,
        *Circuit Judges.*

_____

TERESA MCCOY,

       *Plaintiff-Appellant*,

v.                      23-1159

THE TJX COMPANIES, INC.,

       *Defendant-Appellee.*\*

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Michael G. O'Neill, Law Office of Michael G. O'Neill, New York, NY. |
| FOR DEFENDANT-APPELLEE: | Allison C. Leibowitz, Simmons Jannace DeLuca, LLP, Hauppauge, NY. |

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

MANDATE ISSUED ON 10/10/2024

Appeal from a judgment of the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Teresa McCoy challenges the district court's grant of summary judgment to Defendant-Appellee The TJX Companies, Inc. ("TJX"). McCoy sued TJX for injuries sustained after falling off two stacked stools in a TJX store. The district court found that McCoy failed to establish a prima facie case of negligence under New York law and granted TJX's motion for summary judgment. On appeal, McCoy argues that the district court erred in concluding that there was no dispute of material fact as to TJX's notice of the alleged hazard and in declining to impose discovery sanctions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's grant of summary judgment." *Union Mut. Fire Ins. Co. v. Ace Caribbean Mkt.*, 64 F.4th 441, 445 (2d Cir. 2023). "Summary judgment is appropriate only where 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Est. of Gustafson ex rel. Reginella v. Target Corp.*, 819 F.3d 673, 675 (2d Cir. 2016) (citation omitted). "In determining whether there are genuine disputes of material fact, we are 'required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'" *Id.* (citation omitted).

### I. Prima Facie Case of Negligence

The district court determined that McCoy failed to present sufficient evidence to create a

dispute of fact as to whether TJX had actual or constructive notice of the alleged hazard.[1] On appeal, McCoy argues that the presence of a TJX security guard "close to the location of a dangerous condition is sufficient to constitute notice of the dangerous condition." Appellant's Br. at 12. We disagree.

"To prove a prima facie case of negligence in a slip-and-fall case, a plaintiff is required to show that the defendant created the condition which caused the accident or that the defendant had actual or constructive notice of the condition." *Hartley v. Waldbaum, Inc.*, 893 N.Y.S.2d. 272, 273 (2d Dep't 2010); *see Borley v. United States*, 22 F.4th 75, 79 (2d Cir. 2021).

"To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Hartley*, 893 N.Y.S.2d. at 273 (cleaned up). Here, McCoy herself inspected the stools from about six inches away for over a minute before sitting on them, and she still failed to realize that they were stacked. Any hazard was thus unlikely to be visible and apparent to others. *See, e.g.*, *Schubert-Fanning v. Stop & Shop Supermarket Co., LLC*, 988 N.Y.S.2d 245, 247 (2d Dep't 2014) ("When a defect is latent and would not be discoverable upon a reasonable inspection, constructive notice may not be imputed."). McCoy argues that constructive notice can be inferred from the presence of a security guard near the stools. Although the presence of an employee can support an inference of constructive notice when the dangerous condition is

---

[1] McCoy does not challenge the district court's finding that she failed to establish that TJX created the hazardous condition. But even if she had done so, her evidence would be insufficient to present an issue of fact as to how and when the stools were stacked. The record thus does not support an inference that TJX engaged in "some affirmative act" that created the hazardous condition. *Gonzalez v. Wal-Mart Stores, Inc.*, 299 F. Supp. 2d 188, 192 (S.D.N.Y. 2004) (quoting *Fink v. Bd. of Educ.*, N.Y.S. 2d. 440, 441 (2d Dep't 1986)).

readily visible, that is not the case when the dangerous condition is "latent or dormant." *Kelsey v. Port Auth. of New York & New Jersey*, 383 N.Y.S. 2d 347, 348 (1st Dep't 1976).

McCoy also failed to establish that the condition persisted long enough to have been remedied. She did not know when or by whom the stools had been stacked. Nor did she see TJX employees stocking merchandise in the area before or after the incident. Her reliance on *Kelsey* is thus misguided. 383 N.Y.S. 2d 347. In *Kelsey*, the plaintiff offered a timeline of the hazard, testifying that, some 15 to 20 minutes before falling, she saw "cigarette butts, paper cups and wetness on two steps of the stairway." *Id*. at 348. Here, McCoy presented no evidence rebutting TJX's testimony that the stools remained unstacked only 15 to 20 minutes before the incident. Defendant thus lacked constructive notice.

## II. Discovery Sanctions

McCoy requested discovery sanctions for TJX's failure to disclose the identity of the security guard on duty during the incident and for TJX's alleged spoilation of security camera footage. Her argument is meritless.[2]

"We review the district court's denial of sanctions for abuse of discretion." *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 137 (2d Cir. 2023) (cleaned up). "An abuse of discretion occurs when a district court bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range

---

[2] McCoy abandons on appeal her argument regarding TJX's identification of the security guard. In any event, McCoy failed to demonstrate prejudice. After learning the identity of the security guard through a deposition of another TJX employee, McCoy did not notice the guard's deposition or seek an extension of the discovery deadline. *See Wisser v. Vox Media, Inc.*, 2020 WL 1547381, at *3 (S.D.N.Y. Apr. 1, 2020) (declining to impose sanctions when information not provided in interrogatory responses became available during the discovery period).

of permissible decisions." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018) (cleaned up).

McCoy presented testimony from TJX's former loss prevention store detective, who noted that the video camera "was connected to the Store's video recording system." But the district court still found that McCoy's spoliation claim relied on "pure conjecture." Under Rule 37(e), where a court finds that electronically stored information that should have been preserved in the anticipation or conduct of litigation was lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court is authorized to issue spoliation sanctions. FED. R. CIV. P. 37(e). Upon a finding of prejudice to a party, the court may order measures no greater than necessary to cure the prejudice. FED. R. CIV. P. 37(e)(1). Or, only upon a finding of intent to deprive another party of the ESI, it may presume that the ESI was unfavorable to the spoliating party, give an adverse inference instruction to the jury, dismiss the action, or enter a default judgment. FED. R. CIV. P 37(e). Here, McCoy offered no evidence that footage of the incident ever existed, much less that TJX had an obligation to preserve it, or that TJX destroyed it with an intent to deprive McCoy of its contents. *Cf. e.g.*, *Kronisch v. United States*, 150 F.3d 112, 128 (1998) (noting that "the destruction of evidence, standing alone," does not allow a party relying on "utterly inadequate evidence" to survive summary judgment."); *Boccio v. Costco Wholesale Corp.*, 2022 WL 970745, at *3 (E.D.N.Y. Mar. 30, 2022) ("In the context of video recordings, the courts have found that the mere presence of a video camera does not establish that the camera was in place to record at the time, nor does its presence establish that any recording was made at the time of the incident."). We thus affirm the district court's denial of discovery sanctions.

* * *

We have considered all of McCoy's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit